**E-Filed 10/19/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA FAGUNDES,<br><br>               Plaintiff,<br><br>    v.<br><br>CHARTER BUILDERS, INC., et al.,<br><br>               Defendants.<br>HELLER-MANUS,<br><br>               Cross-Claimant,<br><br>    v.<br><br>CHARTER BUILDERS, INC., et al.,<br><br>               Cross-Defendants. | Case Number C 07-1111 JF (HRL)<br><br>ORDER[1] DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION<br><br>[re: docket no. 61] |

## I. BACKGROUND

On February 23, 2007, Plaintiff Patricia Fagundes filed the complaint in this action against Defendants Charter Builders, Inc. ("Charter"), Carrasco & Associates, Inc., Heller-Manus, Inc., Armax Corp., and Domizile Homeowners Association ("DHA") (collectively,

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-1111 JF (HRL)
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
(JFLC1)

1 "Defendants"). Plaintiff's complaint asserts claims for violations of: (1) the Fair Housing Act

2 ("FHA"), 42 U.S.C. § 3601, *et seq.*; (2) the California Fair Employment and Housing Act

3 ("FEHA"), Cal. Gov't Code § 12927, *et seq.*; (3) negligent supervision; and (4) negligence.

4       In her complaint, Plaintiff asserts that Defendants failed to design and construct her home

5 in a manner consistent with the FHA's accessibility requirements. 42 U.S.C. § 3604(f)(3)(A)-

6 (C). Plaintiff also claims that she filed a complaint with the United States Department of

7 Housing and Urban Development ("HUD") on July 25, 2003. Charter asserts that Plaintiff's

8 complaint with HUD was filed on September 16, 2003.

9       On April 27, 2007, DHA moved to dismiss Plaintiff's complaint on the grounds that: (1)

10 it failed to state a claim upon which relief can be granted; and (2) it was barred by the statute of

11 limitations. On June 7, 2007, Charter moved separately to dismiss the complaint, also arguing

12 that it was time-barred. The Court heard oral arguments on the motions to dismiss On July 13,

13 2007.

14       The two issues before the Court at oral argument were as follows: (1) when did the

15 statutes of limitations for Plaintiff's claims begin to run? and (2) for what period fo time was the

16 statute of limitation tolled while Plaintiff pursued administrative remedies? Plaintiff made three

17 arguments in opposition to the motion to dismiss. First, she contended that since the alleged

18 FHA violations had not yet been remedied, the statute of limitations had not begun to run.

19 Second, she argued that the statute of limitations period accrued on July 29, 2002, the date that

20 Plaintiff allegedly was injured. Finally, she asserted that the statute of limitations should have

21 been tolled on July 25, 2003, the date she allegedly notified HUD of the FHA violations.

22 However, Plaintiff failed to produce any documentary evidence to support her tolling argument.

23 In response, Charter argued that the tolling period began on September 16, 2003, and that

24 therefore, more than two years passed between the date of Plaintiff's injury and the

25 commencement of the instant action. To document its assertion, Charter submitted a copy of

26 Plaintiff's HUD complaint filed on September 16, 2003. *See* July 10, 2007 Order.

27       This Court concluded that because there was no ongoing discrimination; and because the

28 only admissible evidence in the record established that the tolling period began on September 16,

2003, the Court granted Charter's motion to dismiss. On August 23, 2007, Plaintiff filed a Motion for Leave to File a Motion for Reconsideration ("Motion for Leave"). The Court took the matter under submission.

## II. LEGAL STANDARD

Under Local Rule 7-9(a), a party may not file a motion for reconsideration without leave of the Court.  Local Rule 7-9(b) provides:

> (b) Form and Content of Motion for Leave: A motion for leave to file a motion for reconsideration is governed by Civ. L. R. 7-9, which requires that the party seeking leave to file a motion for reconsideration must show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9(b).

## III. DISCUSSION

**A. Materially different facts**

Plaintiff argues reconsideration is proper because she can offer a "materially different fact" in support of her claim. Plaintiff requests that the Court consider a copy of a fax communication she claims she sent to HUD on or about July 25, 2003. However, under Local Rule 7-9, "[t]he party must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." *See also School Dist. No.1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does

not turn the late filed documents into 'newly discovered evidence.""). Plaintiff does not claim to have been unaware of the fax at the time Defendant's motions were being litigated, and in fact, Plaintiff concedes that the fax was in her possession while the motions to dismiss were being considered.[2]   Motion for Leave at 4.

### B. Failure to Consider Facts or Law Presented to the Court

Plaintiff also argues that reconsideration is warranted because the Court did not rule on the merits of her argument that the statute of limitations period should have commenced on the date Plaintiff was allegedly injured. Motion for Leave at 5. The Court did not reach the merits of that argument because it concluded that even if the statute did begin to run on the date of injury, the claim was time-barred. *See* July 10, 2007 Order n.4.   Absent sufficient showing that the Court should reconsider the date that the tolling period commenced, consideration of this argument remains unnecessary.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for leave to file a motion for reconsideration is DENIED.

DATED: October 19, 2007.

_____
JEREMY FOGEL
United States District Judge

---

[2] Plaintiff asserts that "perhaps mistakenly, [Plaintiff] did not submit [the Fax] to the Court because she did not believe that [the Fax] was subject to judicial notice." *Id*.

4

1  This Order has been served upon the following persons:

2
3  Juan Carlos Araneda: jaraneda@longlevit.com, mhigginbotham@longlevit.com, tkershaw@longlevit.com

4  Kevin Charles Canty: kcanty@angius-terry.com, cgomez@angius-terry.com

5  D. Scott Chang: schang@relmanlaw.com, chobbs@relmanlaw.com, egrigera@relmanlaw.com, mhahn@relmanlaw.com, wmiller@relmanlaw.com

6
7  J. Michael Higginbotham: mhigginbotham@longlevit.com, tkershaw@longlevit.com

   Mark C. Russell: mrussell@gordonrees.com, apapina@gordonrees.com

8  Andrew M. Wolfe: awolfe@ropers.com, djackson@ropers.com, mmcpherson@ropers.com

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. C 07-1111 JF (HRL)
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
(JFLC1)