**E-Filed 1/29/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA FAGUNDES,<br><br>    Plaintiff,<br><br> v.<br><br>CHARTER BUILDERS, INC. et al.,<br><br>    Defendant. | Case Number C 07-1111<br><br>ORDER[1] GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[re: docket no. 79] |

## I. BACKGROUND

Plaintiff Patricia Fagundes filed the complaint in this action on February 23, 2007. The action arises from the alleged failure of Defendants Charter Builders, Inc. ("Charter"), Carrasco & Associates, Inc. ("Carrasco"), Heller-Manus, Inc. ("Heller"), Armax Corp. ("Armax"), and Domizile Homeowners Association ("DHA") to construct her residence in a way that accommodates her disability. DHA is a homeowners' association whose "membership is composed of the owners of condominium units" at the Domizile Condominium Complex

---

[1] This disposition is not designated for publication and may not be cited.

("Domizile"). Complaint at ¶ 17. Charter is "the general contractor for Domizile and a direct participant in the design and construction process." *Id.* at ¶ 14. Carrasco is the "architectural firm responsible for the design of dwellings and common use areas and facilities at Domizile." *Id.* at ¶ 15. Heller is the architectural firm "responsible for the design of dwellings and common use areas and facilities at Domizile." *Id.* Armax is "the developer of Domizile and a direct participant in the design and construction process." *Id.* at ¶ 16. Plaintiff's original complaint (the "complaint") asserted claims for violation of: (1) the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*; (2) the California Fair Employment and Housing Act, Cal. Gov't. Code § 12927, *et seq.*; (3) negligent supervision; and (4) negligence. On April 23, 2007, Heller filed a cross-claim against Charter, Armax, and Domizile (collectively "Cross-Claim Defendants") alleging that Heller is entitled to indemnification by cross-claim Defendants for any liability to Plaintiff.

On April 27, 2007, DHA moved to dismiss Plaintiff's complaint on the grounds that it failed to state a claim upon which relief can be granted and was barred by the applicable statute of limitations. On June 7, 2007, Charter moved separately to dismiss the complaint, also arguing that it was time-barred. Plaintiff made three arguments in opposition to the motion to dismiss. First, she contended that since the alleged FHA violations had not yet been remedied, the statute of limitations had not begun to run. Second, she argued that the statute of limitations period accrued on July 29, 2002, the date that she allegedly was injured. Finally, she asserted that the statute of limitations should have been tolled as of July 25, 2003, the date she allegedly notified HUD of the FHA violations. However, Plaintiff failed to produce any documentary evidence to support her tolling argument. In response, Charter argued that the tolling period began on September 16, 2003, and thus that therefore, more than two years had passed between the date of Plaintiff's injury and the commencement of the instant action. To document its assertion, Charter submitted a copy of Plaintiff's HUD complaint filed on September 16, 2003. *See* July 10, 2007 Order.

This Court granted the motion to dismiss based on the statute of limitations because it found that there was no ongoing discrimination; and because the only admissible evidence in the record established that the tolling period began on September 16, 2003. The Court noted that it

2
Case No. C07-1111
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC1)

appeared from Plaintiff's papers that Plaintiff might be able to state a claim under 42 U.S.C. § 3604(A)-(B). Plaintiff was granted leave to amend her complaint accordingly. On July 9, 2007, Plaintiff voluntarily dismissed Carrasco[2] and Armax, leaving Charter, Heller, and DHA as the remaining defendants.

On August 23, 2007, Plaintiff requested leave to file a motion for reconsideration. As the basis for the request, Plaintiff asked that the Court consider a copy of a fax communication she claimed to have sent to HUD on or about July 25, 2003. The Court denied the request because Plaintiff did not show that she did not have prior knowledge of the fax document or could not have discovered it in the exercise of reasonable diligence.

On August 20, 2007, Plaintiff filed an amended complaint asserting two claims. The first claim contains four separate allegations: (1) discrimination in the terms, conditions, or privileges of the sale of a dwelling because of handicap, in violation of 42 U.S.C. § 3604(f)(2) 24 C.F.R. §§ 100.65(a) and 100.202(b); (2) failure to design and construct covered dwelling units and common use and public areas in compliance with 42 U.S.C. § 2604(f)(3)(C) and 24 C.F.R. § 100.205(c); (3) failure to make reasonable accommodations in rules, policies, practices or services as required by 42 U.S.C. § 3604(f)(3)(B) and 24 C.F.R. § 100.204(a); and (4) failure or dely in maintenance or repairs of dwellings because of handicap in violation of 24 C.F.R. § 100.65(b)(2). Plaintiff's second claim asserts that Defendant: (1) provided inferior terms, conditions, privileges, facilities or services in connection with housing accommodations in violation of Cal. Govt. Code § 12927(c)(1); and (2) refused to make reasonable accommodations in rule, policies, practices or procedures in violation fo Cal Gov. Code § 1255(c)(1).

The amended pleading contains the following allegations: Plaintiff is a sixty-six year old woman who suffers from disabilities. Plaintiff purchased a unit at Domizile in early 1996. In or around 2001 or 2002, Plaintiff began to use a scooter to attend medical appointments, to shop, and to travel to her volunteer work. When Plaintiff began using a scooter, she started to have difficulty using the front gate and the door to her building. Plaintiff could not use the front gate

---

[2] Carrasco's separate motion to dismiss, filed on May 21, 2007 is terminated as moot.

because she did not have sufficient time to use the required entry fob, grasp and pull open the gate, and enter through it. Moreover, her front door requires twenty-one pounds of force to open, and Plaintiff did not have sufficient time to open the door and maneuver her scooter through it while it remained unlocked. In order to avoid these difficulties, Plaintiff began using the entrance to her garage to enter her home. On July 29, 2002, while Plaintiff was entering her home through her garage entrance, the garage door closed on her back and shoulders while she was on her scooter, pinning her under it. As she struggled to move from under the door, the door continued to close upon her back, causing physical injuries. That day, Plaintiff notified Bob Scisillano, a member of the DHA Board of Directors, and Property Manager Nagi Chami about the injuries and the difficulties she had entering her home. In August of 2002, Plaintiff suffered a second injury when she sprained her thumb while trying to use the front gate. Plaintiff informed Mr. Chami of this injury and requested that DHA make the front gate and front door to the building accessible to her. Plaintiff alleges that no changes were made in response to her requests, although repairs to common areas were made at the request of residents without disabilities.

Defendant again moves to dismiss Plaintiffs' complaint. Plaintiff opposes the motion. The Court heard oral argument on December 14, 2007. For the reasons set forth below the motion to dismiss will be granted with leave to amend.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

4

## III. DISCUSSION

1. Statute of Limitations

Plaintiff's FHA claim is governed by 42 U.S.C. § 3613(a) which provides as follows:

> (A) An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.
> (B) The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice. This subparagraph does not apply to actions arising from a breach of a conciliation agreement.

Plaintiff alleges that she was injured and that she requested accommodations on the following dates: July 29, 2002 and August 2002. Based on these dates, Defendant argues that the instant action is time-barred because Plaintiff did not file her original complaint until February 23, 2007. Plaintiff argues that her claim is not time barred because the statue of limitations was tolled while her HUD complaint was pending. The parties continue to dispute the date that tolling began.

As noticed above, Plaintiff did not offer any documentary evidence in earlier motion proceedings to support her claim that her HUD complaint was filed on July 25, 2003. Rather, the only evidence in the record was a complaint stamped as filed on September 16, 2003, of which the Court took judicial notice. Plaintiff now presents the Court with a complaint dated July 25, 2003.

Defendant argues that the Court may not consider the new document offered by Plaintiff because Plaintiff is collaterally estopped from relitigating the date that the tolling period began. "When an issue of fact or law is actually litigated and determined by a final and valid judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *United States v. Hernandez*, 572 F.2d 218, 220 (9th Cir. 1978) (quoting RESTATEMENT(SECOND) OF JUDGMENTS § 68 (Tent. Draft No. 1, Mar. 28, 1973)) (internal quotation marks omitted). "Collateral estoppel applies only where the parties in the prior proceeding had an opportunity to litigate fully and fairly the ultimate facts sought to be asserted in the second proceeding." *United*

*Sates v. Salemo*, 81 F.2d 1453, 1464 (9th Cir. 1996). The Restatement Second of Judgments provides that, for the purpose of collateral estoppel "final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." RESTATEMENT(SECOND) OF JUDGMENTS § 13. Defendant does not cite, and the Court has been unable to find, any case that treats judicial notice of a document as a final judgment for the purpose of collateral estoppel. Nor does Defendant address the issue of whether Plaintiff has had a full and fair opportunity to litigate the issue of when the tolling period commenced. It is now apparent that the Court's prior determination with respect to the tolling issue was based upon an incomplete record. Accordingly, the Court takes judicial notice of the newly-offered complaint filed on July 25, 2003. Assuming that the document filed is genuine, Plaintiff's claims are timely.

At oral argument, the Court sought an explanation from Plaintiff's counsel as to why the July 25 document was not offered previously. Counsel responded that he believed that simply pleading the date was sufficient and that there was no further need to submit the actual document. The Court finds this explanation objectively unreasonable. At the hearing on the first motion to dismiss in July 2007, the Court informed counsel explicitly that it would consider any documentary evidence that Plaintiff could provide demonstrating that her complaint was filed before September 16, 2003. In light of the fact that Plaintiff's earlier pleadings did contain a copy of the September 16 complaint, it is very difficult to understand how counsel could not have recognized the importance of submitting a copy of the July 25 document as well. As a direct result of counsel's failure to provide the latter document, Defendant has been forced to relitigate an issue that easily could have been resolved.

Under § 1927, the Court may require an individual who "multiplies the proceedings in any case unreasonably and vexatiously" to pay the excess costs and attorneys' fees reasonably incurred because of such conduct. Sanctions may be imposed under § 1927 only upon a finding of subjective bad faith. *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1997). Similarly, sanctions may be imposed under the Court's inherent powers only upon a finding that "counsel's conduct constituted or was tantamount to bad faith." *United States v. Blodgett*, 709 F.2d 608, 610 (9th

Cir. 1983) (internal quotation marks and citation omitted). While the Court has an insufficient basis for concluding that counsel's conduct was intentional, it has no difficultly finding that conduct, particularly after the tolling issue became the focus of litigation between the parties, so unreasonable as to be "tantamount to bad faith." Accordingly, counsel will be ordered to pay a portion of Defendant's attorney's fees for the litigation of the instant motion.

2. Mootness

Defendant argues that injunctive relief no longer is appropriate because it already has solicited bids for the retrofitting of the front gate and the door to Plaintiff's building. The Ninth Circuit has explained that "[c]ourts must beware of attempts to forestall injunctions through remedial efforts and promises to reform that seem timed to anticipate legal action . . . ." *United States v. Odessa Union Warehose Co-Op*, 833 F.2d 172, 175 (9th Cir. 1987). Defendant has not presented the Court with any evidence that it has begun retrofitting or even entered into a contract for future construction; Defendant merely asserts that it has solicited bids. Typically, injunctive relief awarded in fair housing cases includes an order that the defendant abstain from future discrimination and further requiring defendants to undergo training. *See, e.g.*, *United States v. W. Peachtree Corp.*, 437 F.2d 221, 229-30 (5th Cir. 1977); *United States v. Youritan Construction Co.*, 370 F. Supp. 643, 652 (N.D. Cal. 1973). Thus, Defendant's solicitation of bids does not moot Plaintiff's request for injunctive relief.

3. First Claim: Reasonable Accommodations

42 U.S.C. § 3604(f)(3) prohibits the following behavior:

(A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises . . .
(B) a refusal to make reasonable accommodations in rules, policies, or services, when such accommodations may be necessary to afford such persons equal opportunity to use and enjoy a dwelling . . .

Under both of these provisions, a landlord has an affirmative duty to meet the needs of handicapped persons. However, while, under subsection (B) landlords must pay for "reasonable accommodations, " under subsection (A) landlords are not required to pay for "reasonable modifications." *United States v. California Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1417

(9th Cir. 1993) ("However, it is notable that, in contrast to § 3604(f)(3)(A), the reasonable accommodations requirement described in § 3604(f)(3)(B) does not specify that the handicapped resident should bear any financial burden imposed."). Characterizing the portion of Plaintiff's first claim brought pursuant to 42 U.S.C. § 3604(f)(3) as a request for "reasonable modifications, Defendant asserts that this claim should be dismissed because Plaintiff has not alleged that she offered to pay for the requested modifications.

Plaintiff contends that because she is not asserting a claim for failure to make reasonable modifications under subsection (A), but rather a claim for failure to make reasonable accommodations under subsection (B) she need not allege an offer to pay for the corrective retrofitting.[3] In support of her argument, Plaintiff asserts that "[c]ourts have held that repairs to existing features of a building may be a reasonable accommodation under the FHA." Opposition to Defendant Domizile's First Amended Complaint ("Opposition") at 11. However, the cases Plaintiff cites do not address squarely the issue of whether a failure to make requested repairs constitutes a "refusal to make reasonable accommodations in rules, policies, practices, or services" actionable under subsection (B). *Elliot v. Sherwood Manor Mobile Home Park*, 947 F. Supp. 1574, 1577 (M.D. Fla. 1996), holds that failure to make repairs to an elevator violates 42 U.S.C. § 3604(f)(3) without identifying a particular subsection. *United States v. Tanski*, No. 1:04-CV-714, 2007 WL 1017020 (N.D.N.Y. Mar. 30, 2007), does not cause the "reasonable accommodation" language but simply states that a determination as to whether a refusal to repair a handicapped ramp was actionable under subsection (B) could not be made on the record then before the court. Similarly, *Davis v. Lane Mgmt. LLC*, No. 05-22592, 2007 WL 3306959 (S.D. Fla. Nov 6, 2007), and *Hurd v. Ramona Land Co.*, No. 02-5739, 2003 WL 23281593 (N.D.Cal. Nov. 12, 2003), do not squarely address the operative question in this case and thus, do not support Plaintiff's argument.

Relatively few courts have considered the issue of whether a failure to make repairs constitutes a failure to accommodate within the meaning of subsection (B). *Rodriguez v. 551 W.*

---

[3] The SAC makes reference to 42 U.S.C. 3604 without identifying a subsection.

*157th St. Owners Corp.*, 992 F. Supp. 385 (S.D.N.Y. 1998). analyzed, purportedly for the first time, the same arguments Plaintiff makes here:

> Plaintiffs contend that defendant's refusal to make the building entrance accessible to wheelchairs constitutes a failure to make a "reasonable accommodation" in violation of [42 U.S.C. (F)(3)(B)]. However, the plain language of the statute defines this requirement in terms of reasonable accommodations in "rules, policies, practices or services." 42 U.S.C. § 3604(f)(3)(B) and, by contrast with 42 U.S.C. § 3604(f)(2), fails to mention "facilities." To undertake to construct an entirely new facility in an existing building does not, under these circumstances, qualify as an "accommodation" of a "rule, policy, practice or service," when the term "construction" is nowhere to be found and the term "facility" is excluded. Indeed, plaintiffs cite no case and the Court is aware of none, interpreting section 3604(f) to require a landlord to undertake wholly new construction.

*Id.* at 387 (internal citation omitted). Another court explains:

> The plain language of § 3604(f)(3)(B) excludes construction or improvements as a "reasonable accommodation." "Discrimination includes . . . A refusal to make reasonable accommodations *in rules, policies, practices, or services* . . . ." 42 U.S.C. § 3604(f)(3)(B) (emphasis added). There is no mention of "construction" or "facility" improvements. Failing to construct a ramp is not a failure to accommodate in a rule, policy practice, or service.

*Thompons v. Westboro Condominium Assoc.*, No. 05-1893JLR, 2006 WL 2473464 at *4 (A.D. Wash. Aug. 25, 2006) (citing *Rodriguez*, 992 F. Supp at 387). This Court agrees that a request for construction or repair is not actionable under subsection (B). Accordingly, the portion of Plaintiff's first claim brought pursuant to this provision will be dismissed, with leave to amend. In any amended complaint, Plaintiff should state clearly whether the claim is brought pursuant to subsection (A) or (B).

    4.    The Remainder of Plaintiff's First Claim Under 42 U.S.C. § 3604(f)(2)[4]

Under 42 U.S.C. § 3604(f)(2) it is unlawful:

> To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in connection with such dwelling, because of a handicap of (A) that person; or (B) a person residing in or intending to reside in that dwelling after it is so sold, or (C) any person associated with that person.

Thus, to state a claim under this provision, a plaintiff must allege either that the defendant sold or

---

[4] Plaintiff also asserts a claim under 42 U.S.C. § 4604(f)(2). This claim will not be considered here because it was dismissed previously and the Court did not grant Plaintiff leave to reassert it. Accordingly, the portion of Plaintiff's first claim brought pursuant to § 3604(f)(2)(c) will be dismissed, without leave to amend.

9

rented a property or that the defendant discriminated in the provision of services or facilities. Defendant properly points out that Plaintiff has not alleged that Defendant sold or rented her home to her, and, for the reasons set forth above, the Court has concluded that Plaintiff has not adequately alleged discrimination in the provision of services or facilities.

5.  Second Claim

Defendant reiterates most of the arguments set forth above with respect to Plaintiff's second claim for relief. Defendant argues that: (1) Plaintiff's claim under Cal Govt. Code § 12927(c) should be dismissed because Plaintiff has not alleged that she offered to pay for the requested accommodations; and (2) Plaintiff's claim for relief under Cal Gov. Code § 12927(c)(1) should be dismissed because Plaintiff has not alleged that Defendants engaged in a "rental" or a "sale." Plaintiff responds only that, "[t]he statutory language of the FEHA itself provides that it must be construed consistently with the FHA. . . . Because [Plaintiff] has alleged sufficient facts to state a claim under the reasonable accommodation provision fo the FHA, [she] similarly states a claim for relief under the FEHA." Opposition at 13.

The Court agrees that the arguments with respect to Plaintiff's FHA and FEHA claims are coextensive. Accordingly, for the reasons set forth in the foregoing discussion of Plaintiff's FHA claims, the second claim also will be dismissed, again with leave to amend.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED, with leave to amend. Plaintiff shall file her third amended complaint within thirty (30) days of this order. Defendant shall submit an itemization of its attorney's fees and costs in connection with the instant motion within ten days of the date of filing. The itemization shall, to the extent possible, be apportioned between time and expense associated with the tolling issue, and time and expense associated with other issues raised by the instant motion. Counsel for Plaintiff may file a response within ten days after Defendants' itemization is filed.

DATED: January 29, 2008.

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Juan Carlos Araneda: jaraneda@longlevit.com, mhigginbotham@longlevit.com, tkershaw@longlevit.com

Kevin Charles Canty: kcanty@angius-terry.com, cgomez@angius-terry.com

D. Scott Chang: schang@relmanlaw.com, chobbs@relmanlaw.com, egrigera@relmanlaw.com, mhahn@relmanlaw.com, wmiller@relmanlaw.com

J. Michael Higginbotham: mhigginbotham@longlevit.com, tkershaw@longlevit.com

Mark C. Russell: mrussell@gordonrees.com, apapina@gordonrees.com

Andrew M. Wolfe: awolfe@ropers.com, djackson@ropers.com, mmcpherson@ropers.com