NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICIA FAGUNDES,<br><br>               Plaintiff,<br><br>    v.<br><br>CHARTER BUILDERS, INC., a Texas Corporation doing business in California as CALCHART CONSTRUCTORS, INC., HELLER-MANUS, INC. a California Professional Corporation, and DOMIZILE HOMEOWNERS ASSOCIATION, a California non-profit corporation ,<br><br>               Defendants. | Case Number C 07-1111<br><br>ORDER[1] DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION<br><br>[re: docket no. 106] |

      On April 27, 2007, Defendants moved separately to dismiss the original complaint in this action on several grounds, including that Plaintiff's FHA claim is barred by the applicable statute of limitations. Plaintiff argued that the FHA claim is timely because the statute of limitations should have been tolled as of July 25, 2003, the date she claimed to have notified HUD of Defendants' alleged FHA violations. In response, Defendant Charter Builders, Inc. requested that the Court take judicial notice that the filing date shown on Plaintiff's HUD complaint is

---

[1] This disposition is not designated for publication and may not be cited.

September 16, 2003, which is more than two years after Plaintiff's alleged date of injury. The Court held oral argument on the motion to dismiss on July 13, 2007. At that time, Plaintiffs' counsel questioned whether the Court could take judicial notice of the HUD complaint. After hearing argument on this issue from both sides, the Court stated, "I think the judicial notice analysis that counsel [for Defendant] cited is correct, but I'll double-check and get back to you." Transcript, Docket No. 105 at 9. The Court also indicated specifically to Plaintiff's counsel that it would consider any documentary evidence that counsel could provide demonstrating that a complaint had been filed prior to September 16, 2003. Counsel gave no indication that he could provide such evidence. In its written order dated July 20, 2007, the Court took judicial notice of the complaint filed on September 16, 2003 and dismissed Plaintiff's FHA claim.

On August 23, 2007, Plaintiff requested leave to file a motion for reconsideration with respect to the dismissal of her FHA claim. As the basis for the request, Plaintiff asked that the Court consider a copy of a fax communication she claimed to have sent to HUD on or about July 25, 2003. The Court denied the request because Plaintiff did not explain why this document could not have been provided at or before the time of the July 13 hearing.

On August 20, 2007, Plaintiff filed an amended complaint asserting an FHA claim. Defendants again moved to dismiss the claim on the grounds that it was time-barred. Plaintiff responded by presenting the Court with a HUD complaint dated July 25, 2003. On December 14, 2007 at oral argument on Defendants' motion, the Court sought an explanation from Plaintiff's counsel as to why the July 25 document had not been offered previously. Counsel explained that he believed that simply pleading the filing date was sufficient and that there was no actual need to submit the document. The Court took judicial notice of the July 25, 2007 filing date and denied Defendants' motion with respect to the FHA claim. However, in light of the procedural history set forth above, it also exercised its power to impose sanctions pursuant to § 1927, ordering Plaintiff's counsel to pay a portion of Defendant's attorney's fees for the litigation of the motion to dismiss the amended complaint. Plaintiff has requested leave to file a motion for reconsideration of the Court's order imposing sanctions on Plaintiff's counsel.

Under Local Rule 7-9, a plaintiff seeking such leave must show:

2

    (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

    (2) The emergence of new material facts or a change of law occurring after the time of such order; or

    (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9(b). Plaintiff's counsel argues that he is entitled to leave because he interpreted the Court's statements at the hearing held on July 13, 2007 to mean that the Court would issue an order directing counsel to submit the complaint dated July 15, 2003 if it concluded that such document properly could be considered in the context of the pending motion to dismiss. While this argument is new in the sense that Plaintiff's counsel did not did not assert it at oral argument on December 14, 2007, counsel has not identified any new material facts, nor does counsel's explanation constitute a new or dispositive legal argument. The Court's decision to impose sanctions is based on the simple fact that counsel has offered to reasonable explanation as to why he did not produce the July 25 document at or shortly after the hearing on the original motion to dismiss, and that his failure to produce the document caused Defendants to incur needless expense and the Court to expend unnecessary judicial resources. Because counsel has not met the requirements under Local Rule 7-9, his request for leave to file a motion for reconsideration will be denied.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for leave to file a motion for reconsideration is DENIED.

DATED: February 22, 2008.

                                              JEREMY FOGEL
                                              United States District Judge

This Order has been served upon the following persons:

Juan Carlos Araneda: jaraneda@longlevit.com, mhigginbotham@longlevit.com, tkershaw@longlevit.com

Kevin Charles Canty: kcanty@angius-terry.com, cgomez@angius-terry.com

D. Scott Chang: schang@relmanlaw.com, chobbs@relmanlaw.com, egrigera@relmanlaw.com, mhahn@relmanlaw.com, wmiller@relmanlaw.com

J. Michael Higginbotham: mhigginbotham@longlevit.com, tkershaw@longlevit.com

Mark C. Russell: mrussell@gordonrees.com, apapina@gordonrees.com

Andrew M. Wolfe: awolfe@ropers.com, djackson@ropers.com, mmcpherson@ropers.com