**E-Filed 4/18/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA FAGUNDES,<br><br>                Plaintiff,<br><br>    v.<br><br>CHARTER BUILDERS, INC., a Texas Corporation doing business in California as CALCHART CONSTRUCTORS, INC., HELLER-MANUS, INC. a California Professional Corporation, and DOMIZILE HOMEOWNERS ASSOCIATION, a California non-profit corporation ,<br><br>                Defendants. | Case Number C 07-1111<br><br>ORDER[1] FIXING AMOUNT OF SANCTIONS<br><br>[re: docket no. 108] |

On January 30, 2008, the Court dismissed Plaintiff's first amended complaint and imposed sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927, ordering counsel to pay that portion of Defendant's[2] attorney's fees and costs related to Defendant's motion to

---

[1] This disposition is not designated for publication and may not be cited.

[2] This order relates only to Defendant Domizile Homeowners Association.

dismiss Plaintiff's FHA claim.[3]  The sanctions were based on counsel's earlier failure to submit an administrative complaint that Plaintiff had filed with the United States Department of Housing and Urban Development.  Defendant has submitted an itemization of fees and costs.  Plaintiff has filed a response arguing that the amounts claimed are excessive.

Defendant's itemization includes attorney's fees and costs incurred in connection with efforts to dismiss both the original and the amended complaint.  Plaintiff's counsel argues that Defendant is not entitled to fees and costs relating to the dismissal of the original complaint.  Counsel is correct.[4]  Accordingly, $11,665.80 in fees and $4,598.85 in costs, which were incurred in litigating the original complaint, will be excluded.[5]

Plaintiff's counsel also argues that Defendant is not entitled to compensation for travel time and online research costs.  Because counsel does not cite any controlling authority for this argument, and because the Court finds Defendant's claim as a whole to be reasonable, these amounts will not be excluded.  Finally, Plaintiff's counsel challenges Defendant's estimate that one-third of the time spent on the motion to dismiss the amended complaint was related to the FHA claim.  Instead, based on the number of pages in Defendant's motion relating to that claim, Plaintiff argues that 22.9% should be fixed as the relevant percentage.  Because Defendant's counsel is in a better position to estimate the allocation of his time, and because counsel's estimate is not unreasonable, the Court will accept Defendant's estimate.

---

[3] Plaintiff's counsel moved for leave to file a motion for reconsideration of the Court's order imposing sanctions.  The Court denied that request on February 22, 2008.

[4] The Court's order dated January 29, 2008 stated, "counsel will be ordered to pay a portion of Defendant's attorney's fees for the litigation of the instant motion."  January 29, 2008 Order at 7.

[5] Plaintiff's counsel also challenges Defendant's entitlement to fees and costs incurred on November 28, 2007, November 30, 2007 and December 5, 2007, on the ground that these entries are unrelated to the FHA claim.  Defendant's entries do not delineate which amounts were specifically related to the FHA issue.  Instead, the entries, including those focused on by Plaintiff's counsel, describe general tasks relating to the motion to dismiss the amended complaint.  Defendant has provided the Court with a reasonable estimate of the percentage of time spent on the FHA issue.  Accordingly, the challenged entries will not be excluded from the fee calculation.

Based on the foregoing, the Court hereby awards sanctions in the amount of Defendant $2,575.50 for attorney's fees and $328.21 for costs. Plaintiff's counsel shall pay these amounts within thirty (30) days of the date of the order.

IT IS SO ORDERED.

DATED: April 18, 2008

_____
JEREMY FOGEL
United States District Judge
3

Case No. C 07-1111
ORDER FIXING AMOUNT OF SANCTIONS
(JFLC1)

1  This Order has been served upon the following persons:

2

3  Juan Carlos Araneda: jaraneda@longlevit.com, mhigginbotham@longlevit.com, tkershaw@longlevit.com

4  Kevin Charles Canty: kcanty@angius-terry.com, cgomez@angius-terry.com

5  D. Scott Chang: schang@relmanlaw.com, chobbs@relmanlaw.com, egrigera@relmanlaw.com, mhahn@relmanlaw.com, wmiller@relmanlaw.com

6

7  J. Michael Higginbotham: mhigginbotham@longlevit.com, tkershaw@longlevit.com

8  Mark C. Russell: mrussell@gordonrees.com, apapina@gordonrees.com

9  Andrew M. Wolfe: awolfe@ropers.com, djackson@ropers.com, mmcpherson@ropers.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-1111
ORDER FIXING AMOUNT OF SANCTIONS
(JFLC1)